UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Petitioner, )<br>v. )<br>)<br>THOMAS DEMBROWSKI, )<br>)<br>Respondent. ) | MBD NO. 09-10332-GAO |

# REPORT AND RECOMMENDATION ON MOTIONS TO VOID COURT ORDER AND ORDER ON MOTIONS TO RECUSE AND TO TAKE JUDICIAL NOTICE

July 19, 2011

DEIN, U.S.M.J.

## I. INTRODUCTION

Petitioner, the United States of America ("Government"), initiated this proceeding in order to enforce an Internal Revenue Service ("IRS") summons that was issued to the respondent, Thomas Dembrowski ("Mr. Dembrowski" or "Respondent"), in connection with the examination of the tax liability of Daniel R. Skapinsky ("Mr. Skapinsky" or the "Taxpayer"). Both Mr. Dembrowski and Mr. Skapinsky challenged the Government's petition to enforce the summons by filing motions to dismiss, and on February 9, 2010, this court issued a Report and Recommendation ("R&R") in which it recommended to the District Judge to whom this case is assigned that those motions be denied. Thereafter, the District Judge adopted the R&R without change, and this court issued an Order Enforcing Internal Revenue Summons ("Enforcement Order").

This matter is presently before the court on (1) the "Respondent's Motion to Recuse" (Docket No. 23); (2) Mr. Dembrowski's "Motion to Take Judicial Notice of Law in the Federal Statutes at Title 28 U.S.C. § 636" (Docket No. 24); (3) the "Respondent's Motion to Void the Order of the Court" (Docket No. 25); and (4) the "Movant's Motion to Void the Order of the Court" (Docket No. 26), which was filed by Mr. Skapinsky. By their motions, Mr. Dembrowski and Mr. Skapinsky are challenging a Magistrate Judge's authority to issue the Enforcement Order and are seeking to have it deemed void pursuant to Fed. R. Civ. P. 60(b)(4). Additionally, Mr. Dembrowski has moved for recusal of this Magistrate Judge pursuant to 28 U.S.C. §§ 144 and 455(a). For the reasons detailed below, the Respondent's motions to recuse and to take judicial notice are hereby DENIED. Additionally, this court recommends to the District Judge to whom this case is assigned that Mr. Dembrowski's and Mr. Skapinsky's motions to void the court's Enforcement Order also be DENIED. In the alternative, since the District Judge has already ruled that Messrs. Dembrowski's and Skapinsky's challenges to the IRS summons are without merit, the District Judge may elect to engage in the ministerial act of issuing a new Enforcement Order.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The IRS is conducting an examination regarding the tax liability of Mr. Skapinsky for the taxable periods ending December 31, 2003 through December 31, 2008, and it is seeking documents necessary to create federal income tax returns for Mr. Skapinsky for this period. (R&R at 2). It is undisputed that Mr. Dembrowski made payments to Mr.

Skapinsky for work performed during the relevant time period. (Id.). Accordingly, on May 28, 2009, the IRS issued a summons to Mr. Dembrowski in which it directed the Respondent to report to Revenue Agent David W. Estey, and to produce certain documents and financial records relating to Mr. Skapinsky. (Id. at 2-3). However, Mr. Dembrowski failed to provide the documentation requested in the summons, and on November 16, 2009, the Government filed a Petition to Enforce Internal Revenue Service Summons. (Id. at 3; Docket No. 2).

The District Judge to whom this case is assigned referred the Government's Petition to this court pursuant to 28 U.S.C. § 636 and the Rules for United States Magistrates in the United States District Court for the District of Massachusetts (Docket No. 4). Thereafter, this court issued an Order to Show Cause by which it directed Mr. Dembrowski to appear before the court and show cause as to why he should not be compelled to obey the IRS summons, instructed that a copy of the Order to Show Cause, the Petition and any exhibits thereto be served upon Mr. Dembrowski, and ordered that Mr. Dembrowski file and serve a written response to the Petition. (Docket No. 5). In response, Mr. Dembrowski filed a motion to dismiss in which he challenged the authority of the IRS to issue the summons, and argued that the service of the summons upon him was improper. (Docket No. 7). Although Mr. Skapinsky is not a party to this action, he also filed a motion to dismiss in which he asserted that he did not receive proper notice of the summons or the scheduled hearing before the court, and by which he sought to challenge the service of the summons upon Mr. Dembrowski. (Docket No. 9).

On January 28, 2010, this court held a hearing on the motions to dismiss, and on February 9, 2010, this court issued its R&R. Therein, this court recommended that both motions to dismiss be denied, and advised the parties of their right to object to its proposed findings and recommendations within 14 days of receipt of the R&R. (Docket No. 12). Mr. Dembrowski filed no objections to the R&R. However, Mr. Skapinsky filed objections, and also moved to be joined as a party in the action. (Docket Nos. 13, 14 & 17).

The District Judge adopted the R&R without change and denied the motions to dismiss, thereby resolving the Respondent's and the Taxpayer's challenges to the enforcement of the summons in favor of the Government. (Docket No. 20). The District Judge also denied Mr. Skapinsky's Motion for Joinder. (Id.). In light of the District Judge's adoption of the R&R rejecting the challenges to the summons, this court engaged in the ministerial act of issuing the Enforcement Order directing Mr. Dembrowski to obey the summons. (Docket No. 22).

Additional factual details relevant to this court's analysis are described below where appropriate.

## II. ANALYSIS

### A. Respondent's Motion to Recuse

Mr. Dembrowski has moved, pursuant to 28 U.S.C. §§ 144 and 455(a), that I recuse myself from further participation in this matter. After careful consideration of the Respondent's arguments, the motion to recuse is denied.

-4-

28 U.S.C. § 144 provides in relevant part that

> [w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

In addition, 28 U.S.C. § 455(a) provides in relevant part that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." However, disqualification is appropriate "only when the charge is supported by a factual basis, and when the facts asserted 'provide what an objective, knowledgeable member of the public would find to be a reasonable basis for doubting the judge's impartiality.'" In re Boston's Children First, 244 F.3d 164, 167 (1st Cir. 2001) (quoting In re United States, 666 F.2d 690, 695 (1st Cir. 1981)) (footnote omitted).

In the instant case, Mr. Dembrowski has not submitted an affidavit setting forth "the facts and the reasons for the belief that bias or prejudice exists[.]" 28 U.S.C. § 144. Moreover, his arguments in favor of recusal are based solely on this court's rulings in this case and his contention that this court exceeded its jurisdictional authority by issuing the Enforcement Order. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal.'" In re Boston's Children First, 244 F.3d at 168 n.7 (quoting Liteky v. United States, 510 U.S. 540, 555, 114 S. Ct. 1147, 1157, 127 L. Ed. 2d 474 (1994)). "This may be true even when the judicial rulings in question are erroneous." Id.

Accordingly, the Respondent's reliance on this court's prior rulings, including this court's issuance of the Enforcement Order, does not warrant recusal.

Ultimately, "recusal requires 'more than subjective fears, unsupported accusations or unfounded surmise.'" Fideicomiso de la Tierra del Cano Martin Pena v. Fortuno, 631 F. Supp. 2d 134, 136 (D.P.R. 2009) (quoting In re United States, 158 F.3d 26, 30 (1st Cir. 1998)). Moreover, "'[t]he trial judge has a duty not to recuse himself or herself if there is no objective basis for recusal.'" Id. (quoting In re United States, 441 F.3d 44, 67 (1st Cir. 2006)) (alteration in original). Where, as here, the charge of bias reflects nothing more than "dissatisfaction with a Court's rulings and case management[,]" recusal would not be appropriate. Id. at 137. I also have reviewed the record and examined my feelings and find that I have no concerns about my ability to be fair and impartial in this case. Therefore, the Respondent's motion to recuse is denied.

### B. Repondent's Motion to Take Judicial Notice

Also pending before this court is Mr. Dembrowski's motion to take judicial notice of § 636 of the Federal Magistrates Act, 28 U.S.C. § 636. The court does not need to formally take judicial notice of the applicable law. Therefore, the Respondent's request that this court take judicial notice is denied. To the extent Mr. Dembrowski is challenging this court's authority to issue the Enforcement Order, and is seeking a ruling that the Order is void because this court lacked jurisdiction to issue it, this court recommends that such relief be denied for the reasons set forth below with respect to the motions to void the Enforcement Order.

### C. Motions to Void Enforcement Order

Finally, both Mr. Dembrowski and Mr. Skapinsky have moved, pursuant to Fed. R. Civ. P. 60(b)(4), to void the Enforcement Order. "'A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process.'" United States v. One Rural Lot No. 10,356, Etc., 238 F.3d 76, 78 (1st Cir. 2001) (quoting United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990)). In the instant case, the Respondent and Mr. Skapinsky contend that the Enforcement Order should be deemed void because this court lacked jurisdiction under the Internal Revenue Code and the Federal Magistrates Act to enter a final order in this case, and because Revenue Agent Estey lacked authority to issue the summons to Mr. Dembrowski in the first instance. For the reasons that follow, this court recommends that both motions be denied.

As an initial matter, this court recommends that Mr. Skapinsky's motion be denied because Mr. Skapinsky is not a party to this action. Mr. Skapinsky previously filed a motion in which he sought to be joined as a co-Respondent in this action. (Docket No. 17). However, that motion was denied by the District Judge. (Docket No. 20). Accordingly, Mr. Skapinsky lacks standing to object to the court's rulings in this case. See Marino v. Ortiz, 484 U.S. 301, 304, 108 S. Ct. 586, 587, 98 L. Ed. 2d 629 (1988) ("The rule that only parties to a lawsuit, or those that properly become parties, may appeal an adverse judgment, is well settled").

Additionally, Mr. Dembrowski's and Mr. Skapinsky's challenges to this court's jurisdiction are unpersuasive. Pursuant to the Internal Revenue Code, the district courts of the United States have the power to enforce an IRS summons. See 26 U.S.C. §§ 7402(b) and 7604(a).[1] Because a petition to enforce an IRS summons "is analogous to a dispositive motion[,]" a magistrate judge does not have authority to render a final decision in a summons enforcement action. See United States v. Bell, 57 F. Supp. 2d 898, 905 (N.D. Cal. 1999). Nevertheless, pursuant to 28 U.S.C. § 636(b)(1), the district court may "properly refer the matter to a magistrate [judge] to conduct a[] . . . hearing and submit proposed findings of fact and a proposed disposition." United States v. First Nat'l Bank of Atlanta, 628 F.2d 871, 873 (5th Cir. 1980). This is the procedure that was followed in this case.

Following the Government's filing of its Petition to enforce the IRS summons, the District Judge to whom this case is assigned referred the Petition to this court pursuant to 28 U.S.C. § 636. As described above, this court then issued its Order to Show Cause directing the Respondent to respond to the Petition and to show cause as to why the IRS summons should not be enforced. Subsequently, Mr. Dembrowski and Mr. Skapinsky

---

[1] 26 U.S.C. § 7402(b) provides:
> If any person is summoned under the internal revenue laws to appear, to testify, or to produce books, papers, or other data, the district court of the United States for the district in which such person resides or may be found shall have jurisdiction by appropriate process to compel such attendance, testimony, or production of books, papers, or other data.

26 U.S.C. § 7604(a) contains nearly identical language.

responded by filing their motions to dismiss, and this court conducted a hearing and submitted to the District Judge "proposed findings of fact and recommendations for the disposition" of the motions. See 28 U.S.C. § 636(b)(1)(B). In accordance with § 636(b)(1), this court also notified the parties of their right to "file written objections to such proposed findings and recommendations[.]" 28 U.S.C. § 636(b)(1)(C). Following a review of the pleadings, the R&R, and Mr. Skapinsky's objections, the District Judge adopted the R&R without change. See id. ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge"). Thus, it was the District Judge, not the Magistrate Judge, who determined with finality the duties of the parties to the enforcement proceeding. The fact that this court took the additional ministerial step of issuing the Enforcement Order does not alter the fact that the parties "received the substantial equivalent of what [28 U.S.C. § 636(b)(1)] requires[,]" namely, a final decision on the merits by the District Court Judge. See First Nat'l Bank of Atlanta, 628 F.2d at 873. Accordingly, to the extent Mr. Dembrowski and Mr. Skapinsky are challenging the Enforcement Order on the grounds that this court lacked jurisdiction to issue it, their motions should be denied.

To the extent Mr. Dembrowski and Mr. Skapinsky assert that Revenue Agent Estey lacked authority to issue the summons in the first instance, that issue was already considered and rejected by this court in its R&R on the motions to dismiss. "'A motion for relief from judgment cannot be used merely to reargue a point already decided.'" One Rural Lot No. 10,356, Etc., 238 F.3d at 78 (quoting Barrett v. Lombardi, 239 F.3d 23, 28

(1st Cir. 2001)). Therefore, this court recommends that the motions to void the Enforcement Order be denied.

## IV. **CONCLUSION**

For all the reasons detailed herein, the "Respondent's Motion to Recuse" (Docket No. 23) and Mr. Dembrowski's "Motion to Take Judicial Notice of Law in the Federal Statutes at Title 28 U.S.C. § 636" (Docket No. 24) are DENIED. Additionally, this court recommends to the District Judge to whom this case is assigned that the "Respondent's Motion to Void the Order of the Court" (Docket No. 25) and the "Movant's Motion to Void the Order of the Court" (Docket No. 26) be DENIED as well.[2] In the alternative, since the District Judge has already ruled that the challenges to the IRS summons are without merit, the District Judge may elect to sign and reissue the Order Enforcing the IRS Summons.

/ s / Judith Gail Dein

---

[2] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72 any party who objects to these proposed findings and recommendations must file a written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with this Rule shall preclude further appellate review. See Keating v. Sec'y of Health & Human Servs., 848 F.2d 271, 275 (1st Cir. 1988); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 604-605 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also Thomas v. Arn, 474 U.S. 140, 153-54, 106 S. Ct. 466, 474, 88 L. Ed. 2d 435 (1985). Accord Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 3-4 (1st Cir. 1999); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); Santiago v. Canon U.S.A., Inc., 138 F.3d 1, 4 (1st Cir. 1998).

/ s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge